**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| ADOL Sh.p.k., ) | |
| an Albanian Limited Liability Corporation, ) | |
| ) | Case No. _____ |
| Plaintiff, ) | |
| ) | Judge: _____ |
| v. ) | |
| ) | Magistrate: _____ |
| ILLYRIAN IMPORT, INC. ) | |
| (aka "Adriatic Imports" or "Montexp, Inc.") ) | |
| a Michigan Corporation, ) | Jury Trial Demanded |
| ) | |
| and ) | |
| ) | |
| NUA V. IVEZAJ ) | |
| ) | |
| and ) | |
| ) | |
| KANTINA E PIJEVE ) | |
| GJERGJ KASTRIOTI SKËNDERBEU ) | |
| SHOQËRIA ANONIME (Albania) ) | |
| ) | |
| and ) | |
| ) | |
| John Does 1 - 10 ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff ADOL Sh.p.k. (hereinafter referred to as "ADOL" or "Plaintiff"), through its

undersigned counsel, for its Complaint against Defendants Illyrian Import, Inc. ("Illyrian"), Nua

V. Ivezaj ("Ivezaj"), Kantina e Pijeve Gjergj Kastrioti Skenderbeu[1] Shoqëria Anonime (GKS

Albania"), and John Does 1 - 10 (collectively, "Defendants"), allege as follows:

---

[1] Gjergj Kastrioti Skënderbeu (the Anglicized version of his name being George Castriot) (May 6, 1405 –
January 17, 1468), was also known as Skënderbeu (or Skanderbeg) (meaning "Lord Alexander"), and was
an Albanian nobleman and military commander.

1

## Nature of the Action

1.      This is an action for trademark infringement and counterfeiting under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, and 1125(a)); trademark infringement, unfair competition and unjust enrichment under Michigan common law; and unfair business practices under the Michigan Consumer Protection Act (M.C.L. § 445.903).

## Jurisdiction and Venue

2.      Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to trademarks). This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

3.      This Court has personal jurisdiction over the Defendants because they do business and/or reside in the State of Michigan and/or have committed acts that cause harm in the State of Michigan.

4.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(a) because Defendants reside in this District, may be found in this District, and/or a substantial part of the events giving rise to the claims in this action occurred within this District.

## Parties

5.      Plaintiff ADOL is a limited liability corporation duly organized and existing under the laws of Albania, with its principal place of business at Rruga e Kavajës, ish Kombinati Ushqimor, "Ali Kelmendi" in Tirane, Albania.

2

6.      Upon information and belief, Illyrian Import, Inc. is or purports to be a domestic Michigan corporation, with its principal place of business located at 1265 Silver Bell Rd., Rochester, Michigan  48306, and at times relevant has used the assumed names "Adriatic Imports" or "Montexp, Inc" to identify itself.

7.      Upon information and belief, Nua V. Ivezaj ("Ivezaj") is a resident of Rochester, Michigan, or otherwise resides in this District and judicial division.

8.      Upon information and belief, at all times relevant, Ivezaj is or purports to be the owner/sole shareholder and operator of, and conducts business through, Illyrian.

9.      Upon information and belief, Kantina e Pijeve Gjergj Kastrioti Skenderbeu Shoqëria Anonime ("GKS Albania") is a corporation or joint venture having its principal place of business located at Lagjia 14, Rr. Bajram Tusha, Rrashbull Durres, Albania.

10.      Upon information and belief, Mike's Market of Michigan Inc. (dba "Mike's Party Store") is or purports to be a domestic Michigan corporation, with its principal place of business located at 6235 N. Telegraph Rd.,  Dearborn Heights, Michigan 48127 (hereinafter "Mike's Market").

11.      Upon information and belief, GBSH, Inc. (d/b/a "Park-n-Save") is or purports to be a domestic Michigan corporation, with its principal place of business located at 3215 Caniff Street, Hamtramck,  Michigan 48212 (hereinafter "Park-n-Save").

12.      Upon information and belief, Defendants John Does 1 – 10 are juristic persons and residents of Michigan, and otherwise reside in this District and judicial division, and/or have committed the acts complained of herein within this District and judicial division.

13.      Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants and each of them knew or reasonably should have known of the acts

3

and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiff further alleges that Defendants have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants failed and/or refused to perform.

**The World Famous GJERGJ KASTRIOTI SKËNDERBEU Brand and Brandy Products**

14.    ADOL's predecessor-in-interest, "Cantina" began producing liquors in March 1960 as part of the "Ali Kelmendi" Alimentary Combine.  The "Skënderbeu" Cognac is an Albanian original alcoholic beverage with good sensory-organic qualities, produced and degusted since 1967. ADOL sells its goods through its own specialty retail stores, department stores, catalogs, and via an internet website www.konjakskenderbeu.al throughout the United States, including Michigan.   See true and accurate copies of internet website www.konjakskenderbeu.al attached as Exhibit A1, and internet websites advertising the GJERGJ KASTRIOTI SKËNDERBEU[2] Brandy Products, attached as Exhibit A2.

15.    The "Skënderbeu" Cognac has received several international awards for its quality.  See true and accurate copies of international award certificates, attached as Exhibit A3; and recently was awarded a Silver Medal at the 2017 Wine & Spirits Wholesalers of America 74th Annual Convention & Exposition.  See award certificate attached as Exhibit A4.

16.    ADOL has used a variety of legally-protected trademarks for many years on and in connection with the advertisement and sale of its brandy and other distilled spirit products, including but not limited to, those detailed in this Complaint (collectively, the "SKËNDERBEU Trademarks and SKËNDERBEU Trade Dress").

---

[2] Id.

4

17.     ADOL has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the SKËNDERBEU Marks.

18.     As a result, products bearing the SKËNDERBEU Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from ADOL, and have acquired strong secondary meaning.

19.     The GJERGJ KASTRIOTI SKËNDERBEU Brand brandy has been duly registered with the Alcohol and Tobacco Tax and Trade Bureau ("TTB") of the U.S. Department of the Treasury (see Exhibit A5).

### The SKËNDERBEU Trademarks

20.     ADOL is the owner of the following United States Federal Trademark Registration Nos. 4,877,418; 5,185,075; and 5,189,633 (the "SKËNDERBEU Registrations," attached respectively as Exhibits B1, B2 and B3) and the pending Federal Trademark Applications (the "SKËNDERBEU Applications"), and owns superior common law trademark rights in the United States and particularly in Michigan, with respect to the following trademarks:

| Mark & Description | Goods/Services | First Use in Michigan | Status |
|---|---|---|---|
| Gjergj Kastrioti Skënderbeu (Words only[3]) mark:<br><br>**GJERGJ KASTRIOTI SKËNDERBEU** | Brandy | At least as early as June 30, 2004 | In use; Federal Trademark Registration No. 4,877,418 Registered December 29, 2015 |

---

[3] So-called "Words only" federal registrations are registrations of one or more words regardless of font, stylization or associated design.

| Skënderbeu (Words only) mark:<br><br>**SKËNDERBEU** | Beverages with base distillate of wine, namely brandy and grape brandy; International Class 33 | At least as early as June 1, 2004 | In use; Federal Trademark Application Serial No. 87/132,060, filed August 9, 2016; Pending; Published December 27, 2016[4] |
|---|---|---|---|
| Skënderbeu (Stylized[5]) mark:<br><br>**Skënderbeu** | Beverages with base distillate of wine, namely brandy and grape brandy; International Class 33 | At least as early as June 1, 2004 | In use; Federal Trademark Registration No. 5,185,075; Registered April 18, 2017 |
| Gjergj Kastrioti Skënderbeu (Stylized) mark:<br><br>**GJERGJ KASTRIOTI**<br>**Skënderbeu** | Beverages with base distillate of wine, namely brandy and grape brandy; International Class 33 | At least as early as June 1, 2004 | In use; Federal Trademark Application Serial No. 87/132,073, filed August 9, 2016; Pending; Published January 3, 2017[6] |
| Ballë Kazani Skrapari Skënderbeu (Words only) mark:<br><br>**BALLË KAZANI SKRAPARI**<br>**SKËNDERBEU** | Beverages with base distillate of wine, namely brandy and grape brandy; International Class 33 | At least as early as June 1, 2004 | In use; Federal Trademark Registration No. 5,189,633; Registered April 25, 2017 |

---

[4] This period has been extended to April 26, 2017 upon petition by Defendant Illyrian Import, and Defendant Illyrian Import has now filed *Illyrian Import, Inc. v. ADOL Sh.p.k.*; Opposition No. 91234345 against Trademark Application No. 87/132,060.

[5] So-called "Stylized" federal registrations are registrations of one or more words including a certain font, stylization or associated design.

[6] This period has been extended to May 3, 2017 upon petition by Defendant Illyrian Import, and Defendant Illyrian Import has now filed *Illyrian Import, Inc. v. ADOL Sh.p.k.*; Opposition No. 91234244 against Trademark Application No. 87/132,073.

CO\5406703.4

| Gjergj Kastrioti Skënderbeu label mark:  | Brandy | At least as early as June 1, 2004 | In use at least as early as June 1, 2004 |
|---|---|---|---|
| Gjergj Kastrioti Skënderbeu label mark:  | Brandy | At least as early as June 1, 2004 | In use at least as early as June 1, 2004 |

(hereinafter collectively referred to as the "SKËNDERBEU Trademarks" ), and trade dress[7]:

| Gjergj Kastrioti Skënderbeu trade dress:  | Brandy | At least as early as June 1, 2004 | In use at least as early as June 1, 2004 |
|---|---|---|---|

---

[7] "Trade dress" refers to the visual appearance of a product or its packaging that functions as a source-indicative trademark to consumers.

CO\5406703.4

| Gjergj Kastrioti Skënderbeu trade dress: | Brandy | At least as early as June 30, 2004 | In use at least as early as June 1, 2004 |
|---|---|---|---|
|  | | | |
| Gjergj Kastrioti Skënderbeu trade dress: | Brandy | At least as early as January 1, 2016 | In use |
|  | | | |
| Gjergj Kastrioti Skënderbeu trade dress: | Brandy | At least as early as January 1, 2016 | In use |
|  | | | |

8

| | | | |
|---|---|---|---|
| Ballë Kazani Skrapari Skënderbeu trade dress:<br> | Brandy | At least as early as January 1, 2016 | In use |
| Gjergj Kastrioti Skënderbeu trade dress:<br> | Brandy | At least as early as April 18, 2017 | In use |

(hereinafter collectively referred to as the "SKËNDERBEU Trade Dress,"  see Exhibit C) (the SKËNDERBEU Trademarks and SKËNDERBEU Trade Dress referred to collectively herein as "ADOL's Trademarks").

21.     The SKËNDERBEU Registrations are valid, subsisting, in full force and effect.

9

22.     The registration of the GJERGJ KASTRIOTI SKËNDERBEU mark constitutes *prima facie* evidence of its validity and evidence of ADOL's first use date in connection with the goods identified therein, and has the effect of granting nationwide priority as of its filing date.

23.     The registration of the GJERGJ KASTRIOTI SKËNDERBEU mark also provides notice to Defendants of ADOL's ownership and exclusive rights in the GJERGJ KASTRIOTI SKËNDERBEU mark.

24.     The registration of the SKËNDERBEU (Stylized) mark constitutes *prima facie* evidence of its validity and evidence of ADOL's first use date in connection with the goods identified therein, and has the effect of granting nationwide priority as of its filing date.

25.     The registration of the SKËNDERBEU (Stylized) mark also provides notice to Defendants of ADOL's ownership and exclusive rights in the SKËNDERBEU (Stylized) mark.

26.     The registration of the BALLË KAZANI SKRAPARI SKËNDERBEU mark constitutes *prima facie* evidence of its validity and evidence of ADOL's first use date in connection with the goods identified therein, and has the effect of granting nationwide priority as of its filing date.

27.     The registration of the BALLË KAZANI SKRAPARI SKËNDERBEU mark also provides notice to Defendants of ADOL's ownership and exclusive rights in the BALLË KAZANI SKRAPARI SKËNDERBEU mark.

28.     The SKËNDERBEU Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

29.     The SKËNDERBEU Trademarks and SKËNDERBEU Trade Dress at issue in this case have been continuously used since a time before the acts complained of herein and have never been abandoned.

CO\5406703.4

**Defendants' Acts of Infringement, Counterfeiting, Unfair Competition
and Tortious Interference**

30.     Prior to the acts complained of herein and from about March 2004 to about October 2015, Illyrian served as the sole North American distributor for ADOL's SKËNDERBEU brandy.  See Distributor Authorization, attached as Exhibit D1; and true and accurate copies of Department of the Treasury Bureau of Alcohol and Tobacco Tax and Firearms Application for Certification/Exemption of Label/Bottle Approval for ADOL Ltd.'s GJERGJ KASTRIOTI SKËNDERBEU (Stylized) Mark label (i.e., identifying Applicant as the manufacturer on the reverse side label), dated respectively February 2003, August 2003 and November 2003, and signed by Nua V. Ivezaj on behalf of Illyrian Import, Inc., attached as Exhibit D2; and true and accurate copies of originals and certified translations of (a) an e-mail of December 11, 2003 wherein Illyrian Import, Inc. acknowledges sale approval in Michigan for ADOL's SKËNDERBEU brandy and wherein Mr. Nua Ivezaj requests authorization from ADOL that Illyrian Import Inc. become an agent for ADOL in the United States; (b) an e-mail of February 24, 2004 from Mr. Nua Ivezaj requiring registration of ADOL with the FDA and registration of Illyrian Import Inc. as agent of ADOL in the United States; (c) two e-mails of February 29, 2004 confirming the registration of ADOL with the FDA in furtherance to request of Mr. Nua V. Ivezaj; and (d) an e-mail of April 19, 2004 acknowledging that first shipment by ADOL has reached the United States, all attached as Exhibit D3.

31.     Prior to the acts complained of herein, Defendants had actual knowledge that ADOL owned the SKËNDERBEU Trademarks and SKËNDERBEU Trade Dress, and had applied brandy and other distilled SKËNDERBEU brandy.

32.     Notwithstanding Defendants Illyrian's and Ivezaj's knowledge of ADOL's superior and established rights in the SKËNDERBEU Trademarks and SKËNDERBEU Trade

11

Dress, upon information and belief, Defendants Illyrian and Ivezaj secured a source of brandy (upon information and belief, GKS Albania), bearing spurious marks identical to or otherwise confusingly similar to ADOL's SKËNDERBEU Trademarks and SKËNDERBEU Trade Dress, including the federally registered GJERGJ KASTRIOTI SKËNDERBEU mark (hereinafter collectively referred to as the "Infringing Products"), and have distributed and sold those Infringing Products. See true and accurate copy of photographs of the Infringing Products distributed by Illyrian Import, and pages of Illyrian's web site offering for sale of such Infringing Products, attached as Exhibit E1.

33.     Upon information and belief, Illyrian began importing and distributing the Infringing Products from GKS Albania sometime in May 2016, and without informing ADOL, and has continued to do so. See true and accurate copy of packing list and official bills for the sale of GKS Albania for Illyrian Import Inc. for sale of such Infringing Products, attached as Exhibit E2.

34.     Upon information and belief, Illyrian distributed the Infringing Products from GKS Albania to Mike's Market sometime after May 2016, and has continued to do so.

35.     Upon information and belief, Mike's Market has displayed, offered for sale, sold Infringing Products since at least as early as September 2016. See true and accurate copy of photographs of the Infringing Products offered for sale and sold by Mike's Market, and a purchase receipt for such Infringing Products, attached as Exhibit E3.

36.     Upon information and belief, Illyrian distributed the Infringing Products from GKS Albania to Park-n-Save sometime after May 2016, and has continued to do so.

37.     Upon information and belief, Park-n-Save has displayed, offered for sale, sold Infringing Products since at least as early as April 2017. See true and accurate copy of

CO\5406703.4

photographs of the Infringing Products offered for sale and sold by Park-n-Save, and showing the Infringing Products and the authentic ADOL's SKËNDERBEU brandy being displayed side-by-side, attached as Exhibit E4.

38.     Upon information and belief, Defendant Illyrian has also caused its Infringing Products to be registered with the Michigan Liquor Control Board under the name of Illyrian, and has maintained that registration, further representing to the consuming public that the Infringing Products, such as brandy sold under the SKENDEBEU Marks, are currently legitimately offered for sale by Illyrian, and that Illyrian is the legitimate owner of the SKËNDERBEU Trademarks.  See Exhibit F; and see Exhibit D2 containing e-mail of December 11, 2003 from Illyrian Import, Inc. acknowledging sale approval in Michigan for ADOL's SKËNDERBEU brandy.

39.     Upon information and belief, Defendants John Does 1 – 10 have imported, advertised, promoted, distributed, sold, and/or offered for sale products the Infringing Products, or otherwise committed wrongful and tortious acts alleged herein, or otherwise knowingly aided and abetted such actions.

40.     Upon information and belief, Defendants are engaged in importing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia, embodying the SKËNDERBEU Trade Dress that are studied imitations of the SKËNDERBEU Trademarks or the Infringing Products.

41.     Defendants are well aware of the extraordinary fame and strength of the ADOL brand and the SKËNDERBEU Trademarks and/or the SKËNDERBEU Trade Dress, and the incalculable goodwill associated therewith.

42.     The Infringing Products are of lesser quality than the ADOL brandy.

13

43.     Defendants have no license, authority, or other permission from ADOL to use any of the SKËNDERBEU Trademarks and/or the SKËNDERBEU Trade Dress in connection with the designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the Infringing Products.

44.     Defendants have been engaging in the above-described illegal counterfeiting and infringing activities negligently and/or knowingly and intentionally, with reckless disregard for ADOL's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the SKËNDERBEU Marks and ADOL products.

45.     Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Infringing Products and ADOL.

46.     On July 25, 2016, ADOL sent a cease and desist letter to Defendant Illyrian Import as well as to its Distribution Centers, demanding that it cease its infringing and counterfeit activities described herein.  See Exhibit G.

47.     Upon information and belief, Defendants intend to continue to advertise, promote, import, distribute, sell, and/or offer for sale the Infringing Products.

48.     ADOL is suffering irreparable injury, has suffered substantial damages as a result of Defendants' activities, and has no adequate remedy at law.

## COUNT I

### (Federal Trademark Counterfeiting, Lanham Act § 32, 15 U.S.C. § 1114 against Defendants)

49.     ADOL repeats and realleges the allegations set forth in paragraphs 1- 48.

14

CO\5406703.4

50.     Defendants, without authorization from ADOL, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, ADOL's SKËNDERBEU Trademarks and SKËNDERBEU Trade Dress.

51.     Defendants' sale of the Infringing Products bearing spurious designations that constitute a counterfeit of the registered the GJERGJ KASTRIOTI SKËNDERBEU mark as defined under 15 U.S.C. § 1116(d)(1)(B)(i).

52.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' Infringing Products are genuine or authorized products of ADOL.

53.     Upon information and belief, Defendants have acted with knowledge of ADOL's ownership of the SKËNDERBEU Trademarks and SKËNDERBEU Trade Dress, and with deliberate intention to unfairly benefit from the incalculable goodwill inherent in the SKËNDERBEU Marks.

54.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

55.     ADOL is entitled to statutory damages of $200,000 per counterfeit mark, per type of goods or services sold, offered for sale, or distributed, and, as the use of the counterfeit mark was willful, ADOL is entitled to damages of $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed.

56.     The intentional nature of Defendants' acts complained of herein makes this an exceptional case under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

57.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

58.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

59.     Defendants' acts have damaged and will continue to damage ADOL, and ADOL has no adequate remedy at law.

## COUNT II

**(Federal Trademark Infringement, Lanham Act § 32, 15 U.S.C. § 1114 against Defendants)**

60.     ADOL repeats and realleges the allegations set forth in paragraphs 1- 59.

61.     Defendants, without authorization from ADOL, have used and are continuing to use spurious designations that are confusingly similar to the SKËNDERBEU Trademarks and SKËNDERBEU Trade Dress.

62.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by ADOL.

63.     Upon information and belief, Defendants have acted with knowledge of ADOL's ownership of the SKËNDERBEU Trademarks and SKËNDERBEU Trade Dress with deliberate intention to unfairly benefit from the incalculable goodwill symbolized thereby.

64.     Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

65.     The intentional nature of Defendants' acts complained of herein makes this an exceptional case under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

16

66.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

67.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

68.     Defendants' acts have damaged and will continue to damage ADOL, and ADOL has no adequate remedy at law.

## COUNT III

## (False Designation of Origin and False Advertising, Lanham Act § 43, 15 U.S.C. § 1125(a) against Defendants)

69.     ADOL repeats and realleges the allegations set forth in paragraphs 1 - 68.

70.     Defendants' promotion, advertising, distribution, sale, and/or offering for sale of the Infringing Products, together with Defendants' use of other indicia associated with ADOL is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Infringing Products, and is intended, and is likely to cause such parties to believe in error that the Infringing Products have been authorized, sponsored, approved, endorsed or licensed by ADOL, or that Defendants are in some way affiliated with ADOL.

71.     The foregoing acts of Defendants constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

72.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

CO\5406703.4

73.     Defendants willfully intended to trade on the recognition of the famous SKËNDERBEU Trademarks and SKËNDERBEU Trade Dress in violation of Section 43(c)(5)(B)(i) of the Lanham Act, 15 U.S.C. § 1125(c)(5)(B)(i).

74.     The intentional nature of Defendants' acts complained of herein makes this an exceptional case under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

75.     Defendants' acts have damaged and will continue to damage ADOL, and ADOL has no adequate remedy at law.

76.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court and unless the foregoing alleged actions of Defendants are enjoined, ADOL will continue to suffer irreparable injury and damage.

## COUNT IV
### (Michigan Consumer Protection Act, Mich. Comp. Laws §§ 445.903(1) (a), (b), (c), and (e) against Defendants)

77.     ADOL repeats and realleges the allegations set forth in paragraphs 1 - 76.

78.     Defendants, without authorization from ADOL, have used and are continuing to use spurious designations that are identical to, substantially indistinguishable from, or confusingly similar to the SKËNDERBEU Trademarks.

79.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by ADOL.

80.     Upon information and belief, Defendants have acted with knowledge of ADOL's ownership of the SKËNDERBEU Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

18

81.     Defendants' activities violate Michigan's Consumer Protection Act, which prohibits counterfeiting, trademark infringement, and similar activities which deceive consumers as to the source, quality, or origin of goods. Mich. Comp. Laws §§ 445.903(1) (a), (b), (c), and (e).

82.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

83.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

84.     Defendants' acts have damaged and will continue to damage ADOL, and ADOL has no adequate remedy at law.

## COUNT V
### (Michigan Common Law Trademark Infringement against Defendants)

85.     ADOL repeats and realleges the allegations set forth in paragraphs 1- 84.

86.     ADOL owns all rights, title, and interest in and to the SKËNDERBEU Trademarks, including all common law rights in such marks.

87.     Defendants, without authorization from ADOL, have used and are continuing to use spurious designations that are identical to, substantially indistinguishable from, or confusingly similar to the SKËNDERBEU Trademarks.

88.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by ADOL.

19

89.    Upon information and belief, Defendants have acted with knowledge of ADOL's ownership of the SKËNDERBEU Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

90.    Defendants' acts constitute trademark infringement in violation of the common law of the State of Michigan.

91.    Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

92.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

93.    Defendants' acts have damaged and will continue to damage ADOL, and ADOL has no adequate remedy at law.

<u>COUNT VI</u>

**(Michigan Common Law Unfair Competition against Defendants)**

94.    ADOL repeats and realleges the allegations set forth in paragraphs 1- 93.

95.    The foregoing acts of Defendants constitute unfair competition in violation of the common law of the State of Michigan.

96.    Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

97.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

98.    Defendants' acts have damaged and will continue to damage ADOL, and ADOL has no adequate remedy at law.

20

## COUNT VII

### (Unjust Enrichment against Defendants)

99.     ADOL repeats and realleges the allegations set forth in paragraphs 1 - 98.

100.    The acts complained of above constitute unjust enrichment of Defendants at ADOL's expense, in violation of the common law of the State of Michigan.

## COUNT VIII

### (Tortious Interference with Business against Defendants)

101.    ADOL repeats and realleges the allegations set forth in paragraphs 1- 100.

102.    On March 1, 2016, Defendant GKS Albania wrote to the Department of Licensing and Regulatory Affairs ("LARA") representing itself to be the exclusive owner of the SKËNDERBEU Trademarks and purporting to appoint Illyrian Import as the legitimate user and registrant of the SKËNDERBEU brandy.  See Exhibit F1.

103.    On or about October 9, 2016, Defendants Illyrian Import and Ivezaj registered brandy bearing the SKËNDERBEU Trademarks as Illyrian Import's product with LARA.  See LARA Registration, Exhibit F2.

104.    By so registering the SKËNDERBEU brandy as the product of Illyrian Import, and maintaining such registration, Defendants Illyrian Import and Ivezaj have effectively falsely advertised the SKËNDERBEU brandy as its own or otherwise that the Infringing Products are sourced or sponsored by ADOL, or otherwise have caused a likelihood that members of the public consulting the LARA records will believe that the SKËNDERBEU brandy is sourced or sponsored by Illyrian Import.

105.    By so registering the SKËNDERBEU brandy as the product of Illyrian Import, and maintaining such registration, Defendants Illyrian Import and Ivezaj have effectively prevented ADOL or its current distributor from properly and accurately registering the

CO\5406703.4

SKËNDERBEU brandy as the product of ADOL and/or the distributed product of its current distributor, thus harming ADOL's business interest in, and the benefits of maintaining accurate public records as to the accurate source and distributorship of the SKËNDERBEU brandy.

106.    In August 2016, ADOL in good faith filed additional applications for federal registration of several of the SKËNDERBEU Trademarks (the "SKËNDERBEU Applications").

107.    In an attempt to obtain trademark rights contrary and inconsistent to Plaintiff's SKËNDERBEU Marks, on January 27, 2017 Defendant GKS Albania filed competing U.S. Trademark Application Serial No. 87/315,864 for registration of the GJERGJ KASTRIOTI SKËNDERBEU BRANDY (stylized) label mark:



for "alcoholic beverages, except beer; brandy" (the "GKS Application;" see Exhibit H) which mark is a spurious copy of Plaintiff's GJERGJ KASTRIOTI SKËNDERBEU (stylized) label mark and is otherwise confusingly similar to the SKËNDERBEU Marks.  The GKS Application contains knowingly and intentionally false claims and misrepresentations by Defendant GKS Albania with respect to Defendant GKS Albania's rights with respect to the SKËNDERBEU Marks.

22

108.    Upon information and belief, Defendants Illyrian Import and Ivezaj induced, aided or abetted Defendant GKS Albania in filing the GKS Application, and is thus jointly and severally liable such actions.

109.    In order to deny or forestall ADOL from obtaining the rights and benefits attendant to federal registration of several of the SKËNDERBEU Marks, Defendants Illyrian Import and Ivezaj filed two Oppositions styled as *Illyrian Import, Inc. v. ADOL Sh.p.k.*; Opposition Nos. 91234244 and 91234345 against Trademark Applications Nos. 87/132,073 and 87/132,073 (the "Notices of Opposition").   See true and accurate copies of the Notices of Opposition, attached respectively as Exhibits I and J.   The Notices of Opposition contain knowingly and intentionally false claims and misrepresentations by Defendants Illyrian Import and Ivezaj with respect to Defendants' with respect to the SKËNDERBEU Marks.

110.    Defendants Illyrian Import and Ivezaj filed the Notice of Opposition as an agent of Defendant GKS Albania.  See Exhibits I and J.

111.    Upon information and belief, Defendant GKS Albania otherwise induced, aided or abetted Defendants Illyrian Import and Ivezaj in filing the Notices of Opposition, and is thus jointly and severally liable such actions.

112.    The Notices of Opposition contain knowingly false information and misrepresentations with respect to Plaintiff's priority in and ownership of GJERGJ KASTRIOTI SKËNDERBEU (stylized) mark, including that GKS Albania is the company that original producer of the GJERGJ KASTRIOTI SKËNDERBEU brandy.

113.     Defendants have effectively delayed ADOL from registering two of the SKËNDERBEU Trademarks that are the subject of respective two of the SKËNDERBEU Applications, thus harming ADOL's business interest in, and delaying the benefits of federal

23

registration of two of the SKËNDERBEU Trademarks that are the subject of two of the SKËNDERBEU Applications. Delaying the benefits of federal registration prevents ADOL from having the benefits of federal registration, including nationwide priority, for the geographically expansion of its distribution market.

114. The acts complained of above constitute tortious interference with ADOL's business, in violation of the common law of the State of Michigan.

## COUNT IX
### (Piercing the Corporate Veil against Defendant Nua V. Ivezaj)

115. ADOL repeats and realleges the allegations set forth in paragraphs 1- 113.

116. Illyrian Import, Inc. is in the business of defrauding ADOL and consumers by manufacturing, advertising, marketing, distributing, offering for sale, and/or selling counterfeit and infringing liquor as set forth above.

117. Nua V. Ivezaj is a member and/or officer of Illyrian Import, Inc. and controls Illyrian Import, Inc.

118. Illyrian Import, Inc. is a mere instrumentality through which Nua V. Ivezaj perpetrates the acts of counterfeiting, fraud, and trademark infringement alleged in this Complaint.

119. The advantages and protections afforded officers, directors, and members of a limited liability company under Michigan law do not apply when a corporation is used to facilitate criminal or fraudulent activities.

120. For the foregoing reasons, Nua V. Ivezaj is liable for the activities of Illyrian, as well as for any activities undertaken in his personal capacity.

24

**WHEREFORE,** ADOL respectfully requests that this Court enter judgment against the Defendants as follows:

A.     Finding that: (i) Defendants have willfully counterfeited the GJERGJ KASTRIOTI SKËNDERBEU mark in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114), (ii) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (iii) Defendants have employed unfair, unconscionable, or deceptive trade practices in violation of Michigan's Mich. Comp. Laws § 445.903; (iv) Defendants have engaged in trademark infringement and unfair competition under the common law of Michigan; (v) Defendants have been unjustly enriched in violation of Michigan common law; and (vi) Defendants have tortiously interfered with ADOL's business in violation of Michigan common law.

B.     Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

1.     Manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the SKËNDERBEU Trademarks and SKËNDERBEU Trade Dress, or any other mark substantially similar or confusing thereto, including, without limitation, the Infringing Products, and engaging in any other activity constituting an infringement of any of ADOL's rights in the SKËNDERBEU Trademarks; or

25

2.      Engaging in any other activity constituting unfair competition with ADOL, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations associated with ADOL; and

3.      Engaging in any other activities directed toward the opposition of the SKËNDERBEU Applications, and/or from seeking cancellation of the SKËNDERBEU Registrations issuing therefrom;

C.      Requiring Defendants to recall from any distributors and retailers and to deliver to ADOL for destruction or other disposition all remaining inventory of all Infringing Products, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

D.      Requiring Defendants to inform and advertise to its customers that the Infringing Products violate and infringe ADOL's trademark rights and rights against unfair competition, and that all remaining inventory of all Infringing Products, including all advertisements, promotional and marketing materials therefore, as well as means of making same, be withdrawn from the market and delivered to ADOL for destruction or other disposition;

E.      Requiring Defendants Illyrian Import and Ivezaj to deregister Illyrian Import as the vendor of the SKËNDERBEU brandy with the Department of Licensing and Regulatory Affairs ("LARA"), and to permit ADOL or its distributor to register as the vendor of the SKËNDERBEU brandy with the Department of Licensing and Regulatory Affairs ("LARA"), as well as to deregister Illyrian Import as the vendor of the SKËNDERBEU brandy from any other state or federal agency where it may be registered or appear;

F.      Requiring Defendants Illyrian Import and Ivezaj to cease and desist from any further efforts to contest or oppose the SKËNDERBEU Applications, including, without

26

limitation, requiring Defendants Illyrian Import and Ivezaj to dismiss *Illyrian Import, Inc. v. ADOL Sh.p.k.*; Opposition Nos. 91234244 and 91234345 with prejudice, and enjoining Defendants Illyrian Import and Ivezaj from seeking cancellation of the SKËNDERBEU Registrations and any registrations that issue in the future from the SKËNDERBEU Applications or registrations for any mark containing formatives of the SKËNDERBEU Marks;

G.      Requiring Defendants to file with this Court and serve on ADOL within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

H.      Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by ADOL, or is related in any way with ADOL and/or its products;

I.       Awarding ADOL statutory damages of two million dollars ($2,000,000) per counterfeit mark, per type of counterfeit good in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, and at ADOL's request, ordering Defendants to account to and pay to ADOL all profits realized by their wrongful acts and also awarding ADOL its actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

J.       Awarding ADOL actual damages to which it is entitled under applicable federal and state laws in an amount to be determined at trial, and ordering Defendants to pay to ADOL such amount;

27

**K.**      Awarding ADOL punitive damages to which it is entitled under applicable federal and state laws in an amount to be determined at trial and not less than $250,000, and ordering Defendants to pay to ADOL such amount;

**L.**      Awarding ADOL its costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117), and Michigan's Consumer Protection Act (M.C.L. 445.911(2)), and ordering Defendants to pay to ADOL such amounts;

**M.**      Awarding ADOL pre-judgment interest on any monetary award made part of the judgment against Defendants; and

**N.**      Awarding ADOL such additional and further relief as the Court deems just and proper.

**<u>DEMAND FOR TRIAL BY JURY</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, ADOL requests a trial by jury in this matter.

Dated: June 14, 2017                         Respectfully submitted,

                                                            ADOL Sh.p.k.

                                                            /s/Roger A. Gilcrest_____
                                                            Roger A. Gilcrest (Ohio Bar No. 0019663)
                                                            Attorney for ADOL Sh.p.k.
                                                            Ice Miller LLP
                                                            250 West Street
                                                            Suite 700
                                                            Columbus, OH 43215
                                                            Telephone: 614-462-1055
                                                            Facsimile: 614-222-3437
                                                            Email: Roger.Gilcrest@icemiller.com

CO\5406703.4

Of counsel:
Kristina S. Dahmann (Ohio Bar No. 0096414)
Attorney for ADOL Sh.p.k.
Ice Miller LLP
250 West Street
Suite 700
Columbus, OH 43215
Telephone: 614-462-2220
Facsimile: 614-232-6858
Email: Kristina.Dahmann@icemiller.com